IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-12391 |
| | ) | |
| v. | ) | Honorable LaShonda A. Hunt |
| | ) | |
| FEDEX EXPRESS CORPORATION, | ) | Honorable Jeffrey T. Gilbert |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiff, Jane Doe, ("Plaintiff"), through her counsel, The Law Offices of Ruth I. Major P.C., for Motion for Leave to Proceed Under Pseudonym, states as follows:

### I. INTRODUCTION

Plaintiff Jane Doe ("Plaintiff") respectfully requests this Court's permission to proceed anonymously under the pseudonym "Jane Doe." This case involves deeply personal allegations of repeated sexual harassment by a supervisor, retaliation for reporting that harassment, and discrimination based on Plaintiff's disability. Publicly revealing Plaintiff's identity would cause her significant harm, expose her to further retaliation and stigma, and discourage other victims in similar situations from asserting their rights. The misconduct took place in the workplace and included "daily harassment, including blowing kisses, staring for prolonged periods, stalking Plaintiff around the facility, intruding into her work truck without justification, and making physical advances such as pressing her body against Plaintiff and grabbing Plaintiff's arm while saying 'you are mine'." (Complaint at Law, attached hereto as Exhibit A, ¶ 10). When Plaintiff reported the incidents, she was retaliated against including receiving a suspension, being told by her manager that she was "not wanted" at the location and later terminated from her employment

(twice). (Ex. A, ¶¶ 14, 15, 17, and 21). The effects of this conduct caused Plaintiff to experience anxiety and a severe panic attack, which led to her falling on the train while commuting to work and needing hospitalization. (Ex. A, ¶ 20). She remains under therapy for extreme anxiety relating to the experience. She could provide the Court with a letter from her therapist to support her request for anonymity in this matter if that would be helpful.

Defendant, a non-government employer, is fully aware of Plaintiff's identity, and permitting Plaintiff to proceed pseudonymously will not prejudice Defendant in any aspect of discovery or trial preparation.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The Seventh Circuit has "repeatedly voiced [its] disfavor of parties proceeding anonymously," recognizing the public interest in open judicial proceedings. *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016).

However, courts within this Circuit recognize that a party may proceed pseudonymously upon showing "a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *Doe v. Cook Cnty., Ill.*, 542 F. Supp. 3d 779, 784 (N.D. Ill. 2021), quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). In assessing whether exceptional circumstances exist, district courts consider non-exclusive factors such as: the sensitive and personal nature of the allegations, risk of retaliatory harm, stigma or ridicule, the chilling effect on similarly situated plaintiffs, prejudice to the opposing party, and whether the case involves private parties or public officials. *Id.* at 784–85.

Most recently, courts in this Circuit have confirmed that victims of sexual assault or harassment may be permitted to proceed under pseudonym given the "utmost intimacy" of such

allegations. *Kane v. Loyola Univ. of Chi.*, 2024 WL 4907100, at *2 (N.D. Ill. Sept. 3, 2024); *Doe I v. Indiana Univ. Bloomington*, 2025 WL 754523, at *3 (S.D. Ind. Mar. 10, 2025).

### III. ARGUMENT

#### A. The Sensitive Nature of the Allegations Weighs Strongly in Favor of Anonymity

Plaintiff's complaint alleges repeated sexual harassment by her direct supervisor, including physical advances, stalking behavior, and an incident captured on security video. (Ex. A, ¶¶ 10-12, 19). These allegations necessarily implicate information of the "utmost intimacy." *Doe v. Purdue Univ.,* 321 F.R.D. 339, 342 (N.D. Ind. 2017). Courts routinely allow anonymity in cases involving sexual misconduct because victims are particularly vulnerable and did not choose the harm they suffered. *Kane v. Loyola Univ. of Chi.*, 2024 WL 4907100, at *2; *Coe v. Cnty. of Cook*, 162 F.3d 491, 498 (7th Cir. 1998).

#### B. Disclosure of Plaintiff's Identity Would Expose Her to Retaliatory Harm and Stigma

Plaintiff has already suffered retaliation—including suspension, fabricated disciplinary records, and termination—after reporting her supervisor's misconduct. Identifying her publicly risks further retaliation from former supervisors, coworkers, and third parties. Courts have recognized that when plaintiffs face a "substantial risk of harm—either physical harm or retaliation by third parties"—pseudonymity is appropriate. *Trustees of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024); *Doe I v. Indiana Univ. Bloomington,* 1:24-CV-01982-MPB-MG, 2025 WL 754523, at *3 (S.D. Ind. Mar. 10, 2025).

Beyond retaliation, public disclosure of Plaintiff's name risks severe reputational and emotional harm. As courts in *Cook County* and *Kane* observed, requiring sexual harassment

3

victims to litigate under their own names may deter others from pursuing claims, thereby creating a chilling effect. 542 F. Supp. 3d at 788.

### C. Defendant Will Not Suffer Prejudice

Defendant is fully aware of Plaintiff's identity and has had ample opportunity to investigate her allegations. Pseudonymity will not impede Defendant's ability to defend itself, conduct discovery, or prepare for trial. Courts in *Cook Cnty.* and *Kane* emphasized that the burden of showing prejudice falls on the opposing party, and mere references to the general policy against anonymity are insufficient. *Cook Cnty.*, 542 F. Supp. 3d at 788.

### D. The Balance of Interests Favors Plaintiff

This case involves two private parties, not a government defendant. Accordingly, the public's interest in knowing the identity of the plaintiff is diminished. *Cook Cnty.*, 542 F. Supp. 3d at 789–90. On the other hand, Plaintiff's privacy rights, risk of retaliation, and the need to prevent chilling effects on other victims weigh heavily in favor of pseudonymity.

## IV. DISTINGUISHING THE COURT'S INITIAL ORDER

The Court expressed its disapproval of pseudonymity in *Doe v. Village of Deerfield*. The plaintiff understands that anonymity is generally not favored but argues that this case involves "exceptional circumstances" that warrant a departure from the typical rule. Unlike cases where plaintiffs seek anonymity to hide their own actions, the plaintiff in this situation is a victim of sexual harassment and retaliation. As noted by the Seventh Circuit in *Loyola University*, victims of sexual harassment and assault "have no choice in the harm they suffer," and courts "often extend the protection of anonymity" to them. 100 F.4th at 914. This viewpoint is also echoed by the Seventh Circuit in *Doe v. Trustees of Indiana University*, which questioned, "Why should a plaintiff be able to shield himself from public knowledge of *his acts*…" *Doe v. Trustees of Indiana*

4

*Univ.*, 101 F.4th 485, 491 (7th Cir. 2024), cert. denied sub nom. *Doe v. The Trustees of Indiana Univ.,* 145 S. Ct. 546 (2024).

Plaintiff's circumstances—ongoing harassment by a supervisor, retaliatory terminations, fabricated disciplinary records, and severe emotional and financial harm—demonstrate both the sensitive nature of the allegations and a substantial risk of further retaliation. These facts place this case squarely within the line of authority permitting victims of sexual misconduct to proceed anonymously.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion for leave to proceed under the pseudonym "Jane Doe" throughout this litigation.

Respectfully submitted,

Dated:  October 22, 2025                                    **JANE DOE**

*/s/ Ruth I. Major*
One of Her Attorneys

Ruth I. Major (ARDC No. 6205049)
The Law Offices of Ruth I. Major, P.C.
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
Phone: (312) 893-7544
rmajor@major-law.com

## **CERTIFICATE OF SERVICE**

  The undersigned counsel for Plaintiff certifies as true that she caused **Plaintiff's Motion to for Leave to Proceed Under Pseudonym** to be served upon:

Patrick J. Keating, Bar No. 6211380
patrick.keating@practicus.com
Practus LLP.
2525 Wallace Drive
Flossmoor, IL 60422
Telephone: 312-933-4539

via the CM/ECF filing system, to the aforementioned on October 22, 2025 on or before 5:00 p.m. CST.

               /s/ Ruth I. Major
               One of Her Attorneys

Ruth I. Major (ARDC No. 6205049)
The Law Offices of Ruth I. Major, P.C.
77 West Wacker Dr., Suite 4500
Chicago, Illinois 60601
Phone: (312) 893-7544
rmajor@major-law.com