IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-12391 |
| | ) | |
| v. | ) | Honorable LaShonda A. Hunt |
| | ) | |
| FEDEX EXPRESS CORPORATION, | ) | Honorable Jeffrey T. Gilbert |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

Plaintiff, Jane Doe ("Plaintiff"), through her counsel, The Law Offices of Ruth I. Major P.C., for Plaintiff's Reply in Support of Motion for Leave to Proceed Under Pseudonym, states as follows:

### I. Defendant Ignores Controlling and Highly Relevant Authority Supporting Anonymity in Sexual Harassment Cases

Defendant's Response does not grapple with, distinguish, or even acknowledge several key cases cited in Plaintiff's Motion that directly address pseudonymity in cases involving sexual harassment and sexual misconduct. Each supports Plaintiff's position and is materially more analogous than the authority Defendant relies on.

Defendant fails to adequately address *Doe v. Cook County, Illinois*, 542 F. Supp. 3d 779 (N.D. Ill. 2021). In *Cook County*, the court recognized that allegations involving sexual misconduct constitute matters of "utmost intimacy" warranting anonymity, particularly where the plaintiff risks retaliation, stigma, or emotional harm. Plaintiff's allegations here fall squarely within this category.

Defendant also ignores *Kane v. Loyola Univ. of Chicago*, 22 CV 6476, 2024 WL 4907100 (N.D. Ill. Sept. 3, 2024) where anonymity was granted based on non-criminal sexual misconduct allegations similar to those here. *Kane* confirms that victims of sexual harassment may proceed pseudonymously because they had "no choice in the harm they suffered."

Defendant further overlooks *Doe I v. Indiana Univ. Bloomington*, 1:24-CV-01982-MPB-MG, 2025 WL 754523 (S.D. Ind. Mar. 10, 2025), which expressly holds that a plaintiff alleging sexual harassment and facing emotional harm and potential retaliation may proceed under a pseudonym.

Additionally, Defendant does not acknowledge the Seventh Circuit's recognition in Doe v. Trustees of Indiana University, 101 F.4th 485, 492 (7th Cir. 2024), that allegations of sexual harassment inherently involve issues of "utmost intimacy," unlike claims of sex discrimination, which the court found do not warrant "concealing the plaintiffs' names."

Finally, Defendant fails to distinguish *Doe v. Purdue University*, 321 F.R.D. 339 (N.D. Ind. 2017), which likewise recognizes that sexual misconduct allegations strongly favor anonymity.

These authorities—current, controlling, and directly on point—support pseudonymity and undermine Defendant's position.

**II.     Defendant Downplays the Severity and Sensitivity of the Misconduct Alleged**

Defendant characterizes Plaintiff's allegations as "garden variety sexual harassment," choosing to omit key facts and minimize the severity of the conduct. Plaintiff alleged daily unwanted stalking, surveillance, prolonged staring, and monitoring throughout the workplace. She also alleged physical invasions of her personal workspace, including repeated, unjustified entries into her delivery truck.

2

Plaintiff further alleged physical sexual aggression, including pressing her body against Plaintiff and grabbing her arm while stating, "you are mine." This conduct is not a single, benign physical contact, but a coercive, physically intrusive act.

Additionally, Plaintiff experienced severe emotional and physical consequences, including a panic attack that caused her to fall on the train and require hospitalization. These facts heighten the sensitivity of the allegations and further support the need for anonymity.

### III. Defendant's Cited Authorities Are Inapposite and Do Not Undermine Plaintiff's Showing

The cases Defendant cites do not involve sexual harassment victims and are readily distinguishable.

*Doe v. Village of Deerfield*, 819 F.3d 372 (7th Cir. 2016), involved a plaintiff challenging a municipal ordinance, not a victim of sexual misconduct.

*Coe v. County of Cook*, 162 F.3d 491 (7th Cir. 1998), involved a challenge by a man challenging Cook County Hospital providing an abortion to a woman whom he had impregnated. He filed his complaint using the pseudonym "John Coe." The court held that "Mr. 'Coe' may well feel,' embarrassed about having impregnated a woman to whom he was not married. But the embarrassment felt by a person who engages in immoral or irresponsible conduct is not a compelling basis for a waiver of the general rule that parties to federal litigation must litigate under their real names." *Coe*, 162 F.3d at 498. If anything, this decision explains why FedEx is not entitled to proceed under a pseudonym.

Defendant's references to cases involving abortion, reproductive rights, or minors do not undermine Plaintiff's position; these cases demonstrate that sensitive, intimate subjects justify anonymity.

3

IV.     **Defendant Will Not Suffer Prejudice if Plaintiff Proceeds Pseudonymously**

Defendant claims prejudice based on "asymmetry," but courts consistently reject this argument when the defendant knows the plaintiff's identity, as FedEx does here. Discovery will proceed normally, and Defendant has access to all relevant records. Nothing about pseudonymity hinders FedEx's ability to defend the case.

Defendant's suggestion that it will suffer reputational harm misunderstands the purpose of pseudonymity. Courts do not extend anonymity to corporate defendants or wrongdoers, nor does the judicial system require parity of anonymity.

V.      **The Balance of Interests Overwhelmingly Favors Plaintiff**

This case involves two private parties, allegations of intimate and unwanted physical contact, stalking, retaliation, emotional and medical harm, and a substantial risk of stigma and chilling effect. Each factor independently supports pseudonymity; taken together, they overwhelmingly favor granting Plaintiff's Motion.

For these reasons, and those outlined in Plaintiff's initial Motion, Plaintiff respectfully requests that the Court permit her to proceed under the pseudonym "Jane Doe" throughout this litigation.

Respectfully submitted,

Dated:  November 17, 2025                                    JANE DOE

*/s/ Ruth I. Major*
One of Her Attorneys

Ruth I. Major (ARDC No. 6205049)
The Law Offices of Ruth I. Major, P.C.
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
Phone: (312) 893-7544
rmajor@major-law.com